PLUMMER, PERRY & COMPANY, APPELLANTS, V. CHARLES H. ROHMAN ET UX., APPELLEES, ET AL., APPELLANTS.

FILED JUNE 19, 1901. No. 9,294.

1. **Creditor's Bill**: GENERAL DENIAL: EVIDENCE. In an action by creditors to set aside a conveyance of real estate alleged to have been made in fraud of their rights, the defendant may, under a general denial, give evidence of any fact tending to disprove the charge of fraud.

2. **Estoppel**: UNSECURED CREDITOR. A party who pleads facts which would, if proved, preclude the assertion by his adversary of an equitable title to, or lien upon, the property in litigation, is not entitled, under such plea, to show that the party against whom the estoppel is alleged, is precluded from asserting the rights of an unsecured creditor.

3. ——: ERROR NOT PREJUDICIAL. A party who pleads an estoppel is not prejudiced by any ruling of the court in relation thereto, if the facts sought to be suppressed are not asserted at the trial nor permitted to influence, in any way, the decision complained of.

4. **Withdrawal of Former Opinion.** What was said in the former opinion (*Plummer, Perry & Co. v. Rohman*, 61 Nebr., 61) in regard to pleading an estoppel, not being necessary to a decision of the case, is now withdrawn; and the question is left open for future determination.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J.

Rehearing of case reported in 61 Nebr., 61. *Reaffirmed.*

*A. G. Greenlee, Frank H. Woods, Stevens & Cochran* and *Ricketts & Wilson,* for appellants.

*Burr & Burr, contra.*

SULLIVAN, J.

In this case, which is a controversy between the creditors and the wife of Charles H. Rohman, an insolvent trader, an opinion was filed at the last term affirming the judgment of the district court. *Plummer, Perry & Co. v. Rohman,* 61 Nebr., 61. The correctness of our conclusion

14

upon one point was challenged by motion for a rehearing,
but we are entirely satisfied, after again examining the
record, that our decision is right and ought to stand, even
though we erred in holding that the estoppel was improp-
erly pleaded. The petition alleges that the conveyance of
the property in dispute was made in fraud of the rights of
Rohman's creditors. The answer of Eda M. Rohman, al-
though abounding in statements of evidential facts, is in
substance and legal effect a general denial. The second
defense, which was the result of an abortive effort to plead
an equitable lien or title, was stricken out. The only issue
formed by the pleadings, the only issue tried and decided,
was whether the transfer of the property was fraudulent.
Upon that issue the court found in favor of Mrs. Rohman;
it found that Rohman, on November 14, 1895, owed his
wife about $3,600, and that he sold and conveyed the home-
stead to her in payment of this indebtedness. There was
also an express finding that the transaction was an honest
one. These findings being supported by sufficient evidence,
the judgment of the district court is necessarily right. If
the trial court had held with appellants on the question
of estoppel, the only effect of its ruling would be to pre-
clude Mrs. Rohman from denying that her husband had
the complete, unincumbered legal and equitable owner-
ship of the homestead during the time the title stood of
record in his name. The right to disprove the charge of
fraud by showing an actual, bona-fide purchase for an
adequate consideration would still remain. The creditors
were not prejudiced by the rejection of their plea of es-
toppel, because the facts which they sought to suppress
were not asserted at the trial and exerted no influence
whatever upon the decision. The theory upon which the
court gave judgment against the creditors was that Mrs.
Rohman bought and paid for the property in good faith,
not that she had an equitable title to, or lien upon, it be-
fore the purchase and transfer were made. She asserted
merely the right of an unsecured creditor, and it is not
contended that she had said or done anything that ought

to exclude her from the race of diligence with other creditors having like claims.

What was said in the former opinion in regard to pleading an estoppel being unnecessary to a decision of the case, is now withdrawn, and the question is left open for future determination.

The judgment of affirmance is adhered to.

AFFIRMED.